UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL STERGEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-1231-PLC |
| | ) |
| MEGAN STERGEN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Emmanuel Stergen's application to proceed in district court without prepaying fees or costs pursuant to 28 U.S.C. § 1915. ECF No. 2. Upon consideration of the financial information provided therein, the Court finds that plaintiff is able to pay the filing fee. The Court will therefore deny the motion, and order plaintiff to pay the statutory filing fee of $402 within thirty days of the date of this Order. If plaintiff fails to timely pay the filing fee, the Court will dismiss this case without prejudice.

"According to 28 U.S.C. § 1915, this Court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he or she is unable to pay the costs of the lawsuit." *Andrews v. Nicholson*, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. *Id.* First, the Court must determine whether the applicant qualifies by economic status; second, the court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.*

"The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the Court's process." *Broulette v. Spencer*, 2005 WL 1009577, *1 (W.D. Mo. Apr. 20, 2005) (citing *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987)). "In considering a request to proceed *in forma pauperis*, the court will compare an applicant's monthly income and cash on hand to her monthly expenses and financial obligations." *Bey v. Kelly*, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, plaintiff submitted an affidavit of financial status stating he is without means to pay the fees and costs associated with his instant lawsuit. ECF No. 2. He indicates his take-home pay or wages are $13,998.52 per year and he has approximately $4,985 in month expenses, including child support, legal bills, student loans, medical bills, insurance, and miscellaneous items. Although his debt-to-income ratio would otherwise qualify him for *in forma pauperis* status, plaintiff indicates he has $23,868 in cash or in a checking or savings account. His assets include a $21,000 vehicle.

Thus, from the information provided, his available access to cash in a checking or savings account causes plaintiff to not meet the economic requirements for *in forma pauperis* status as he would not become destitute or forced to give up the basic necessities of life if required to pay the $402 filing fee for filing the instant lawsuit. *See e.g.*, *Andrews*, 2005 WL 2403449, at *1 (denying *in forma pauperis* status to plaintiff who reported a net income of $1,934.00 per month and $200.00 of available cash funds); *Finley v. Comm'r of Soc. Sec.*, 2021 WL 2333348, at *1 (E.D.N.Y. June

8, 2021) (denying *in forma pauperis* status to plaintiff who reported $10,000 in cash despite having expenses exceeding his monthly income).

Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis*. If plaintiff wishes to proceed with his complaint, he shall pay the filing fee within thirty days from the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay the statutory filing fee of $402 within **thirty (30) days** of the date of this Order. Plaintiff's failure to timely pay the $402 filing fee shall result in the dismissal of this case, without prejudice and without further notice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of October, 2023