**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EMMANUEL STERGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-1231-PLC |
| | ) | |
| MEGAN STERGEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented Plaintiff Emmanuel Stergen's: (1) Motion to Appoint Counsel [ECF No. 3], (2) "Motion to add a cause of action, add defendants, punitive damages, additional facts, and introduce evidence" [ECF No. 5], (3) "Motion to Submit Evidence Responding to the 9/28 Ex Parte[,]" [ECF No. 8], and (4) "Motion for preventing the harboring of child abuse & requesting ongoing damages" [ECF No. 9]. Plaintiff has also filed eight supplements that include exhibits and additional allegations of facts and causes of action. [ECF Nos. 10, 12, 15, 16, 17, 18, 19, & 20] Further, for the reasons discussed below, the Court will order Plaintiff to show cause why his action should not be dismissed for lack of subject matter jurisdiction.

### I.  The Complaint

Plaintiff brings this action for "financial damages" against 25 Defendants, including his former spouse and individuals Plaintiff identifies as a state court judge and other state court personnel, police officers, attorneys, paralegals, a state governmental agency and one of its employees, and a non-profit organization and one of its employees. [ECF No. 1] Plaintiff's claims

are grounded in alleged wrongdoings related to his and his former spouse's dissolution of marriage and child custody proceedings in Arkansas state court. [ECF No. 1]

## II. Discussion

### A. Motion to Appoint Counsel

Plaintiff filed a motion to appoint counsel asserting he is unable to obtain legal counsel due to his poverty despite his diligent efforts.  [ECF No. 3] "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).  See also Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013).  A district court may appoint counsel in a civil case if the Court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018) When determining whether the appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

### B. Motions to Amend and Supplemental Filings

Plaintiff has filed a "Motion to add a cause of action, add defendants, punitive damages, additional facts, and introduce evidence" [ECF No. 5], a "Motion to Submit Evidence Responding to the 9/28 Ex Parte[,]" [ECF No. 8], and a "Motion for preventing the harboring of child abuse &

requesting on going damages" [ECF No. 9]. These motions contain new factual allegations and seek to assert new claims or add additional defendants to Plaintiff's complaint. Plaintiff also filed eight supplemental filings that include a variety of "exhibits," "statements" alleging additional facts, and documents purporting to add additional causes of action.[1] [ECF Nos. 10, 12, 15, 16, 17, 18, 19 & 20] Plaintiff did not attach an amended complaint to any of these filings, but instead asserts these filings are "in addition to previously submitted motions" and do not "replace or remove any of the previous items, unless specified." [ECF Nos. 5, 8, 9, 10, 12, 15, 18, 19 & 20]

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(2).

---

[1] On November 6, 2023, Plaintiff filed a supplement [ECF No. 10] containing excerpts from documents filed in other legal proceedings, emails, text messages, and handwritten notes which were all marked as exhibits. [ECF Nos. 10-1 through 10-3]. It also contains factual allegations under the heading of "Plaintiff's Statement" [ECF Nos. 10-4], a document titled "Alienating the father" followed by a "Statement of Facts" [ECF No. 10-5], and a document titled "Extortion and Scandalous Legal Tactics" with an additional "Statement of Facts"  [ECF No. 10-6].
On November 15, 2023, Plaintiff filed a document titled "For Profit Child Support Venture, Invalid Contract, Multiple Birthday, Multiple Variations of Name, and Possible Polygamy" that included a "Statement of Facts," "Plaintiff's Statement," multiple exhibits, and a "Brief." [ECF No. 12]
On November 20, 2023, Plaintiff filed another document, this time titled "Jealousy & Impeding Governmental Processes" that contains additional factual allegations and exhibits. [ECF No. 15]
On November 30, 2023, Plaintiff filed two supplements, one redacted [ECF No. 16] and one sealed [ECF No. 17], containing excerpts from legal documents and a police report, text messages, handwritten notes,  and two documents titled "Statement of Facts[.]" [ECF Nos. 16 & 17]
On December 4, Plaintiff filed three supplements. [ECF 18, 19 &20] One supplement was titled "Malicious Child Support" and included two "Statement of Facts[.]" [ECF No. 18]  One supplement was sealed and titled "Illegal Censorship and More" and contained an additional "Statement of Facts[.]" [ECF No. 20] Another supplement contained exhibits, a "Witness Statement[,]" and a redacted copy of Plaintiff's supplement titled "Illegal Censorship and More[.]" [ECF No. 19]

Here, the record is silent as to whether Plaintiff has served his complaint on Defendants and no Defendant had filed an answer to the complaint.  Thus, as of the date of Plaintiff's motions, it does not appear that Plaintiff is required to obtain leave of Court in order to file an amended complaint and Plaintiff's motions to amend are denied as moot.

Moreover, Plaintiff did not submit an amended complaint with any of his motions or supplements and instead each filing contains only the additions Plaintiff seeks to add to his original complaint. The Court does not accept amendments by interlineation or through supplements and a plaintiff must file a copy of his or her amended complaint with the Court. See Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008) (district court did not abuse its discretion in denying leave to amend complaint where the plaintiff did not submit a proposed amended complaint); Pate v. Parsons, No. 4:20-CV-870 JCH, 2020 WL 5534426, at *2 (E.D. Mo. Sept. 15, 2020) (the court does not accept supplemental amendments to pleadings by interlineation); Vaughn v. Gullett, No. 4:19-CV-2566-JAR, 2020 WL 4934278, *1 (E.D. Mo Aug. 24, 2020) (plaintiff must attached a copy of his proposed amended complaint to any motion to amend). Thus, even if leave of Court was required, Plaintiff's motions to amend would be denied for failing to attach a copy of the proposed amended complaint.

Plaintiff's supplement filings [ECF Nos. 10, 12, 15, 16, 17, 18, 19 & 20] alleging additional facts and causes of actions will be stricken from the record. Supplements are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure and, again, the Court does not accept supplemental amendments to pleadings. See Vaughn, 2020 WL 4934278, *1 (ordering supplements to the complaint be stricken from the record); Pate, 2020 WL 5534426, at *2 (the court does not accept supplemental amendments to pleadings).

If Plaintiff wishes to amend his complaint in the future, he must file an amended complaint with the Court or, if leave of Court is required, include a proposed amended complaint with his motion for leave to amend.  Because Plaintiff is self-represented, any amended complaint should be filed on a Court-provided form. See E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs…should be filed on Court-provided forms where applicable….[T]he Court …may order the pro se plaintiff…to file the action on a Court-provided form"); Pate, 2020 WL 5534426, at *2 (holding a pro se plaintiff "must file a motion to amend and submit a proposed amended complaint on a court-provided form").

### C.  Jurisdiction

As already noted, Plaintiff's claims are grounded in dissolution and custody proceedings being conducted in Arkansas. For the reasons discussed below, Plaintiff will be ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant to thereto."  Marine Equip. Mgm't Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases."  Reece v. Bank of New York Mellon, 760 F.3d 771, 777 (8th Cir. 2014) (quoting Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)).  "Lack of subject-matter jurisdiction of a lawsuit cannot be waived by the parties – or ignored by the courts – at any stage of the litigation." Sadler v. Green Tree Servicing, LLC, 466 F.3d 623, 625 (8th Cir. 2006).  Therefore, a federal court "may raise the [subject matter jurisdiction] issue … even if the parties do not."  Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and McLaurin v. Prater, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Plaintiff's complaint, however, fails to establish this Court's jurisdiction under either basis.

 A. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." Griffioen v. Cedar Rapids & Iowa City Ry. Co., 785 F.3d 1182, 1188 (8th Cir. 2015). See also 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. Id. Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Williams v. Ragnone, 147 F.3d 700, 702 (8th Cir. 1998).

Plaintiff's complaint is on a Court-provided civil complaint form. In the section directing Plaintiff to provide the basis for federal question jurisdiction, including the federal statutes, treaties or Constitutional provisions at issue, Plaintiff wrote: "Fraud resulting in more than 75,000[,] threatening murder, evidence tampering[,] malicious litigation, malicious prosecution, misuse of a civil trial, misuse of government authority + judicial authority, improper legal processes + legal

procedures[,] impersonating a state official." [ECF No. 1] In his attached "addendum 1 – Jurisdiction and Venue" Plaintiff asserts "unconstitutional acts" were committed but does not specify which Constitutional provisions are allegedly at issue. Moreover, Plaintiff is not suing under any federal statute or treaty. As such, plaintiff has not established the existence of federal question jurisdiction, and will be ordered to show cause why this action should not be dismissed.

B. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC, 620 F.3d 926, 931 (8th Cir. 2010).

As to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. Blakemore v. Missouri Pac. R.R. Co., 789 F.2d 616, 618 (8th Cir. 1986). Importantly, for diversity jurisdiction, "the words 'resident' and 'citizen' are not interchangeable." Reece, 760 F.3d at 777.

"When jurisdiction is based on diversity of citizenship, the pleadings…must set forth with specificity the citizenship of the parties." Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). The burden of proving jurisdiction is on the party asserting it, in this case Plaintiff. Clark v. Matthews Intern. Corp., 639 F.3d 391, 396

(8th Cir. 2011). If the party fails to meet his burden, the complaint must be dismissed for lack of jurisdiction. Spears v. Robinson, 431 F.2d 1089, 1092 (8th Cir. 1970).

Plaintiff has alleged the jurisdictional amount, asserting more than $4 million in accrued damages and lost future earnings.  However, Plaintiff has not properly alleged the diversity of the parties. Plaintiff states that he is a citizen of the State of Missouri and that Defendant Beth Storey is a citizen of Arkansas, however he does to provide the citizenship of the remaining Defendants. Although Plaintiff provides addresses for each Defendant, he alleges only that that are "in Arkansas and Oklahoma" and does not provide sufficient allegations to establish the citizenship of each Defendant.  As a result, the record does not demonstrate complete diversity among the litigants.

Moreover, it appears that Plaintiff cannot establish diversity jurisdiction because his case falls within the domestic relations exception to federal jurisdiction. The domestic relations exception "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994). Furthermore, when a cause of action is closely related to an action for divorce, alimony, or child custody, federal courts generally abstain from exercising jurisdiction. Id.  Child support obligations are also within the realm of the domestic relations exception. See Lannan v. Maul, 979 F.2d 627, 631 (8th Cir. 1992). Plaintiff's claim stems from alleged wrongdoing in his dissolution proceeding, and related issues of child custody and support. This type of action falls within the ambit of the domestic relations exception, divesting this Court of jurisdiction. Therefore, Plaintiff has not established diversity jurisdiction and will be ordered to show cause why this action should not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to add a cause of action, add defendants, punitive damages, additional facts, and introduce evidence" [ECF No. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Submit Evidence Responding to the 9/28 Ex Parte[,]" [ECF No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for preventing the harboring of child abuse & requesting on going damages" [ECF No. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's supplemental filings of November 6, 2023, November 15, 2023, November 20, 2023, November 30, 2023, and December 4, 2023 [ECF Nos. 10, 12, 15, 16, 17, 18, 19 & 20] are stricken from the record.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause, in writing and **no later than January 8, 2024**, why Plaintiff's complaint should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this Order will result in the case being dismissed without prejudice for lack of subject-matter jurisdiction.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of December, 2023

- 9 -