**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

EMMANUEL STERGEN, )
)
Plaintiff, )
)
v. ) No. 4:23-cv-1231-PLC
)
MEGAN STERGEN, et al., )
)
Defendants. )

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of the record. On December 8, 2023, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction. [ECF No. 21] On January 8, 2024, Plaintiff filed a "Petition to Amend," requesting leave to file an attached proposed amended complaint. [1] [ECF Nos. 23, 23-1] On March 28, 2024, Plaintiff filed an amended complaint. [ECF No. 31] For the reasons discussed below, Plaintiff's amended complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction, Plaintiff's Petition to Amend is denied as futile, and all other pending motions are denied as moot.

## I. Background

Plaintiff, a self-represented litigant, filed his action for "financial damages" against 25 Defendants, including his former spouse and individuals identified as a state court judge and other state court personnel, police officers, attorneys, paralegals, a state governmental agency and one of its employees, and a non-profit organization and one of its employees. [ECF No. 1] Plaintiff's

[1] Plaintiff also filed a Petition for Leave and an Expedited Court Date [ECF No. 24]; a Motion to Subpoena Exculpatory Evidence [ECF No. 25]; and a Motion for Psychological Evaluation [ECF No. 26].

claims were grounded in alleged wrongdoings related to his and his former spouse's dissolution of marriage and child custody proceedings in Arkansas state court. [ECF No. 1]

On December 8, 2023, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction. [ECF No. 21] Specifically, the Court found that Plaintiff's complaint failed to provide a basis for either federal question jurisdiction or diversity jurisdiction. [ECF No. 21] On January 8, 2024, Plaintiff filed a "Petition to Amend," requesting leave to file an amended complaint. [ECF No. 23] Plaintiff attached a proposed amended complaint to his request for leave. [ECF Nos. 23-1] On March 28, 2024, Plaintiff filed an amended complaint, which is substantially similar to the proposed amended complaint previously filed with the Court. [ECF No. 31]

In his March 2024 amended complaint, Plaintiff asserts both federal question jurisdiction and diversity jurisdiction.[2] [ECF No. 31] Plaintiff argues the Court has federal question jurisdiction because the "defendants violated the plaintiff's 1st, 5th, 6th, 8th, 9th, 13th, and 14th amendment rights[,]" in that "[t]hey disparaged the plaintiff's and his son's protections under domestic abuse and child abuse laws." [ECF No. 31] Plaintiff also asserts the existence of diversity jurisdiction because there is diversity of citizenship between the parties and the amount in controversy is more than $75,000. [ECF No. 31]

Under the Statement of Claim section, plaintiff states:

> The plaintiff has suffered from a collusion and ethics issue that resulted in blocking the plaintiff and his son from equal protections under the law. Favoring his ex-wife for sexist reasons. Individuals made a sweetheart deal, interfered with child custody, swayed the ruling of the court, and impeded governmental processes.
>
> This violated the plaintiff's 1st, 5th, 6th, 8th, 9th, 13th, 14th amendment rights. The sweetheart deal was disguised as a domestic relations court case, when

[2] Plaintiff asserts only diversity jurisdiction on the Civil Cover Sheet filed with his amended complaint. [ECF No. 31-1]

> it is a for profit venture used to transfer the plaintiff's monies through intimidation, extortion, and forcing false agreements.
>
> The initiator of the scandal profited by receiving or charging the plaintiff an additional $18,000.00 in child support and legal judgements. (sic) Other colluders received a portion of more than $28,600 in legal fees and court judgments. [Defendant] Judge Storey was able to gain her daughter favor in a recruiting firm where she was employed.

[ECF No. 31]

In an addendum, Plaintiff further alleges that a "Washington County[, Arkansas] Domestic Relations court case….has been used for vigilante justice[,]" that he did not agree to an "Agreed Order" of the court in that case, and that Plaintiff "was governed by a court without proper jurisdiction having authority" and, as a result, has "endured cruel and unusual punishment, violating the plaintiff's 8th Amendment right." [ECF No. 31, Addendum 2] Plaintiff asserts that certain named parties "falsified" information and colluded with each other in the state court proceeding, demonstrating "fraudulent behavior and [an] abuse of power." [Id.] Plaintiff maintains he had been making "similar complaints,…fleeing domestic abuse, reporting domestic abuse/child abuse, and petitioning the court to protect his son from abuse for 4.5 years" which has "resulted in violating the plaintiff's rights and he has been denied his 1st Amendment right" "to speak for himself[,]" "petition the court[,]" and to see his "wishes represented[.]" [Id.]

With respect to Defendant Judge Beth Storey, the judge presiding over the Arkansas case, Plaintiff alleges:

> …
>
> 11. Judge Storey violated the plaintiff's 14th Amendment right to due process and right to protected acts.
>
> 12. Judge Beth Storey violated the plaintiff's HIPPAA and privacy rights without just cause.
>
> 13. Judge Storey violated the plaintiff's 5th Amendment right to protect against self-incrimination, the right to a fair trial, and protections from double jeopardy. The September 2022 immediate danger claims had 3 different dates…Showing signs of fraudulent allegations.

> 14. …Judge Beth Storey allegedly coordinated job disruptions with law enforcement and Megan Stergen. So that Jakalya Storey, Judge Storey's daughter, can attempt to collect recruiting bonuses.
>
> 15. Item 14 violated the plaintiff's 6th Amendment right as the plaintiff was not accused of wrongdoing.

Plaintiff further alleges that an Agreed Order dated October 12, 2022, "created a sweetheart deal" which (1) violated his "5th Amendment right[,]" in that the order "unlawfully placed a burden of excessive legal fees and excessive child support on the plaintiff without just compensation" and (2) violated his "13th Amendment right[,]" in that "[t]he civil court has no jurisdiction to force the plaintiff to agree" and "created indebted servitude, indebted the plaintiff to multiple lawyers, indebted him to his ex-wife for more than $12,958, and increased his child support by $18,000." [ECF No. 31]

Plaintiff's amended complaint also includes claims that: (1) one defendant[3] "disparaged the plaintiff's rights" and "violated the plaintiff's 9th Amendment rights" by "routing around proper governmental… procedures[;]" (2) certain defendants[4] "denied the plaintiff and his son equal protections under the domestic abuse laws and the 14th Amendment" by "act[ing] on a double standard[,]" providing his ex-spouse "certain protections that were denied to the minor child… and the plaintiff[,]" and "blocking evidence of [his ex-spouse's] child abuse & neglect and Felony interference with the plaintiff's child visitation[;]" (3) a state law enforcement officer violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), in the state court civil proceeding; and (4) certain defendants[5] "committed theft by extortion, violating federal law, penal code 18 U.S.C. §873…resulting in a court awarding them more than $9,400 in fees" and more than $20,000 "through forced arbitrage." [ECF No. 31]

---

[3] Plaintiff alleges this defendant is an attorney.

[4] Plaintiff names the state court judge and court administrator, as well as a collection of attorneys and paralegals.

[5] Plaintiff names his ex-spouse, two attorneys, and a paralegal.

For relief, Plaintiff requests full custody of the child, an order of protection from his former spouse, forgiveness of his child support obligations in arrears, "transfer of the child's subsidy" and insurance, return of all legal fees he paid to the named defendant attorneys, an order directing his former spouse to return all legal fees awarded by the court and paid by Plaintiff, "actual damages of $601,754," future lost earnings, punitive damages, and "release from any child support and financial obligations resulting from adopting his son, his divorce, and related legal actions against him." [ECF No. 31]

## II. Discussion

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. LeMay v. U.S. Postal Serv., 450 F.3d 797, 799 (8th Cir. 2006) "Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant to thereto." Marine Equip. Mgm't Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). "Lack of subject-matter jurisdiction of a lawsuit cannot be waived by the parties – or ignored by the courts – at any stage of the litigation." Sadler v. Green Tree Servicing, LLC, 466 F.3d 623, 625 (8th Cir. 2006). Therefore, a federal court "may raise the [subject matter jurisdiction] issue … even if the parties do not." Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and McLaurin v. Prater,

30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Plaintiff's amended complaint fails to establish this Court's jurisdiction under either basis.

      1.  Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC, 620 F.3d 926, 931 (8th Cir. 2010).

As to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. Blakemore v. Missouri Pac. R.R. Co., 789 F.2d 616, 618 (8th Cir. 1986). Importantly, for diversity jurisdiction, "the words 'resident' and 'citizen' are not interchangeable." Reece v. Bank of New York Mellon, 760 F.3d 771, 777 (8th Cir. 2014).

"When jurisdiction is based on diversity of citizenship, the pleadings…must set forth with specificity the citizenship of the parties." Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). The burden of proving jurisdiction is on the party asserting it, in this case Plaintiff. Clark v. Matthews Intern. Corp., 639 F.3d 391, 396 (8th Cir. 2011). If the party fails to meet his burden, the complaint must be dismissed for lack of jurisdiction. Spears v. Robinson, 431 F.2d 1089, 1092 (8th Cir. 1970).

In the Show Cause Order, the Court found Plaintiff's complaint did not demonstrate complete diversity among the litigants because Plaintiff alleged the citizenship of only one Defendant. [ECF No. 21] Although Plaintiff provided addresses for the remaining Defendants, he did not allege the citizenship of each Defendants or provide sufficient allegations to establish the citizenship of each Defendant. [ECF No. 21] Plaintiff's amended complaint fails to resolve this deficiency by, again, alleging the citizenship of only himself and one of the Defendants. Thus, Plaintiff has failed to establish diversity of citizenship between the parties.

Plaintiff's amended complaint also fails to address the Court's concern that it lacked diversity jurisdiction because Plaintiff's claims fell within the domestic relations exception to federal jurisdiction. [See ECF No. 21] The domestic relations exception "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994). Furthermore, when a cause of action is closely related to an action for divorce, alimony, or child custody, federal courts generally abstain from exercising jurisdiction. Id. Child support obligations are also within the realm of the domestic relations exception. See Lannan v. Maul, 979 F.2d 627, 631 (8th Cir. 1992). The Court observed in the Show Cause Order that Plaintiff's claims stemming "from alleged wrongdoing in his dissolution proceeding, and related issues of child custody and support" fell "within the ambit of the domestic relations exception, divesting this Court of jurisdiction." [ECF No. 21] The allegations in Plaintiff's amended complaint only confirmed the Court's suspicion that Plaintiff's claims relate solely to his dissolution and issues related to child custody and support, which fall squarely within the domestic relations exception to federal jurisdiction. Accordingly, the Court does not have diversity jurisdiction over Plaintiff's claims.

2. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." Griffioen v. Cedar Rapids & Iowa City Ry. Co., 785 F.3d 1182, 1188 (8th Cir. 2015). See also 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. Id. Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Williams v. Ragnone, 147 F.3d 700, 702 (8th Cir. 1998). "If the asserted basis of federal jurisdiction is patently meritless, than dismissal for lack of jurisdiction is appropriate." Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005).

In his original complaint, Plaintiff alleged federal question jurisdiction was present because "[f]raud…[,] threatening murder, evidence tampering[,] malicious litigation, malicious prosecution, misuse of a civil trial, misuse of government authority + judicial authority, improper legal processes + legal procedures[, and] impersonating a state official" were  "unconstitutional acts[.]" [ECF No. 1] In the Show Cause Order, Court found Plaintiff's complaint failed to establish the existence of federal question jurisdiction. [ECF No. 21]

Plaintiff's amended complaint is on a Court-provided civil complaint form and includes several "addendums," including one elaborating on Plaintiff's claims. [ECF No. 31] Plaintiff asserts federal question jurisdiction based on Defendants' violation of Plaintiff's "1st, 5th, 6th, 8th, 9th, 13th, 14th amendment rights" through their "disparage[ment of] the plaintiff's and his son's protections under domestic abuse and child abuse laws." [ECF No. 31]  In his "Statement of

Claim" and related addendum, Plaintiff presents a multitude of claims arising from the entry of adverse orders against him in the Arkansas "Domestic Relations" case. Essentially, Plaintiff's claims are that the Arkansas state court's orders related to his dissolution, specifically with respect to issues of child custody and child support, were the result of improper motives instead of the merits and that he was denied certain rights and procedural protections during the proceedings.

Despite Plaintiff's attempt to acquire federal question jurisdiction by invoking a variety of federal constitutional amendments and statutes, Plaintiff is ultimately contesting the Arkansas child custody and support decisions and is seeking either reversal of the Arkansas court's orders or redress for injuries allegedly resulting from those orders. This Court, however, lacks subject matter jurisdiction to engage in appellate review of a state court decision. Postma v. First Fed. Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of a state court decision occurs only in the U.S. Supreme Court. Id; Exxon Mobile Corp., v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 291-92 (2005). Any review of a state court decision by this Court would violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp., 544 U.S. at 284. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Postma, 74 F.3d at 162, quoting Keene Corp. v. Cass, 908 F.2d 293, 296–97 (8th Cir.1990).

In this case, Plaintiff largely seeks reversal of the Arkansas decisions and requests relief in the form of new custody orders, forgiveness of his child support obligations, and reversal of attorney fee awards. To the extent Plaintiff asserts claims and seeks relief beyond reversal of the

Arkansas court's orders, his claims can only succeed if this Court decides that the Arkansas decisions were wrongly decided. As such, these claims are inextricably intertwined with the state court judgment and this Court lacks jurisdiction to review them under the *Rooker-Feldman* doctrine. See Postma, 74 F. 3d at 162; Exxon Mobile Corp., 544 U.S. at 286, n. 1 (2005) (the federal district court cannot "entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack was "inextricably intertwined" with the state court's judgment" (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, n. 16 (1983)).

Plaintiff's complaint does not demonstrate either that federal law creates a cause of action or that his right to relief necessarily depends on the resolution of a substantial question of federal law. See Williams, 147 F.3d at 702 (to establish federal question jurisdiction, the plaintiff must establish that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law). Instead, Plaintiff's alleged claims arise under state law. Therefore, Plaintiff has not carried his burden of establishing the existence of federal question jurisdiction and his amended complaint is dismissed without prejudice.

**B. Pending Motions**

In addition to the amended complaint, Plaintiff also filed a "Petition to Amend," [ECF No. 23]; a Petition for Leave and an Expedited Court Date [ECF No. 24]; a Motion to Subpoena Exculpatory Evidence [ECF No. 25]; and a Motion for Psychological Evaluation [ECF No. 26]

Before filing his amended complaint, Plaintiff filed a "Petition to Amend" and requested leave to file an attached proposed amended complaint. [ECF Nos. 23, 23-1] Plaintiff's proposed amended complaint is substantially similar to the deficient amended complaint he subsequently

filed. [ECF Nos. 23-1, 31] The Court denies Plaintiff's "Petition to Amend" because it would be futile to allow Plaintiff to file another deficient amended complaint that fails to establish subject matter jurisdiction. See U.S. ex rel. Lee v. Fairview Health System, 413 F.3d 748, 749 (8th Cir. 2005)("Futility is a valid basis for denying leave to amend."). Additionally, in light of the Court's dismissal for lack of subject matter jurisdiction, Plaintiff's Petition for Leave and an Expedited Court Date [ECF No. 24]; Motion to Subpoena Exculpatory Evidence [ECF No. 25]; and Motion for Psychological Evaluation [ECF No. 26] are denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the action is **DISMISSED without prejudice** for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's "Petition to Amend Complaint" [ECF No. 23] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Petition for Leave and an Expedited Court Date" [ECF No. 24] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Subpoena Exculpatory Evidence" [ECF No. 25] is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Plaintiff's "Motion for Psychological Evaluation" [ECF No. 26] is **DENIED** as moot.

Patricia L. Cohen

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of April, 2024